# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4954 | **DATE** | 10/07/2010 |
| **CASE TITLE** | Lawrence Scott (#K-50526) v. Gregory P. Firkus | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, petitioner Lawrence Scott's "Motion for Appointment of Counsel" [12] is denied. The briefing schedule set by the court on 10/7/2010 on Scott's § 2254 petition remains in effect. The Court will rule electronically.

■[ For further details see text below.]  Notices mailed.

## STATEMENT

     On August 6, 2010, Lawrence Scott ("Scott") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) Scott was granted leave to proceed *in forma pauperis*, and has since filed a motion for appointment of counsel (Dkt. No. 12).

     Federal courts are authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). As an indigent litigant, Scott qualifies for this type of assistance. While the court's decision to appoint counsel is discretionary, the Seventh Circuit has directed trial courts to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). In assessing the factual and legal complexity of the case, and Scott's need for professional assistance, the court must consider "the particular plaintiff's capacity as a layperson to coherently present [the case] to the judge or jury." *Id.* at 655. "[T]he judge will normally take into consideration the plaintiff's literacy, communication skills, educational level, and litigation experience" in making this assessment, as represented by specific "pleadings, communications from, and any contact with the plaintiff." *Id.*

     Scott reports that he has attempted, albeit unsuccessfully, to retain counsel to represent him in this matter. Specifically, Scott has contacted Andre Grant and Steven R. Hunter, as well as attorneys at the law firm of Jenner & Block and the People's Law Office. None of these attorneys were willing and able to take Scott's case. The court finds that Scott has met his burden of demonstrating his unsuccessful efforts to retain counsel.

     However, at this point in the proceedings, it appears to the court that Scott is competent to litigate the

claims at issue in his § 2254 petition without the assistance of counsel. Scott's § 2254 petition, IFP application, and motion for appointment of counsel are each coherent and well organized, and Scott has been able to effectively communicate with the court regarding the facts of his case and the legal issues raised in his petition. Scott also reports that he has completed "some college." (Dkt. No. 12 ¶ 5.) The claims raised by Scott in support of his § 2254 petition—ineffective assistance of counsel, newly discovered evidence, and prosecutorial misconduct—are not so inherently complex that Scott should be presumed unable to proceed without professional assistance. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

The court further notes that it is authorized to appoint counsel if "the interests of justice so require," *see* 18 U.S.C. § 3006A(a)(2)(B), and that it must appoint counsel "[i]f an evidentiary hearing is warranted." Rule 8(c), Rules Governing § 2254 Cases. Whether the interests of justice require appointment of counsel is difficult to determine at this point in the proceedings, in light of the fact that the court has not had an opportunity to review and consider the respondent's answer to the petition. Likewise, no evidentiary hearing has yet been scheduled in this case. Because Scott appears competent to litigate his claims, the court declines to appoint counsel for him at this time. Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request.

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|

10C4954 Lawrence Scott (#K-50526) v. Gregory P. Firkus